[Cite as *State v. Sullivan*, 2016-Ohio-218.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-809 |
| v. | : | (C.P.C. No. 10CR-978) |
| Montie Sullivan, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 21, 2016

*Ron O'Brien,* Prosecuting Attorney, and *Steven L. Taylor,* for appellee.

*Steven Young,* Ohio Public Defender, and *Stephen P. Hardwick,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Montie Sullivan is appealing from his multiple convictions for burglary and related offenses following his no contest pleas. He assigns a single error for our consideration:

> The trial court erred by denying Mr. Sullivan's motion to suppress. Fourth and Fourteenth Amendments to the United States Constitution; Article I, Section 14 of the Ohio Constitution.

{¶ 2} His appellate counsel clarifies the issue before us with a statement of the issue presented for review:

> Does the good faith exception to the exclusionary rule apply to warrantless GPS searches conducted before the United States Supreme Court issued **United State v Jones?**

{¶ 3} This case has an extended history with different courts reaching different results as to the question of whether Sullivan's motion to suppress evidence should have been granted.  The trial court initially sustained the motion to suppress evidence based upon the decision of the United States Supreme Court in *United States v. Jones*, __U.S.__, 132 S.Ct. 945 (2012). A panel of this appellate court affirmed the ruling of the trial court, but the Supreme Court of Ohio in turn reversed our decision in *State v. Sullivan*, 141 Ohio St.3d 1419, 2014-Ohio-5567.

{¶ 4} The Supreme Court of Ohio did not direct the trial court to overrule the motion to suppress, but remanded the case to the trial court to apply its ruling in *State v. Johnson*, 141 Ohio St.3d 136, 2014-Ohio-5021. In *Johnson*, the Supreme Court of Ohio ruled that the good-faith exception to the exclusionary rule crafted by the United States Supreme Court in other Fourth Amendment situations should apply to searches which are based on GPS searches conducted before *Jones* was decided.

{¶ 5} We are not in a position to overrule the Supreme Court of Ohio.  Thus, we must follow *Johnson* until such time as the Supreme Court of Ohio reverses itself or until the Supreme Court of the United States decides that *Johnson* was wrongly decided.

{¶ 6} As a result, we must overrule the sole assignment of error and affirm the ruling of the trial court.  We do so rule.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

_____